UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIDGET DAVIS, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA,

    *Defendant.*

Civil Action No. 24-3294 (RDM)

**MEMORANDUM OPINION**

    Plaintiffs Bridget Davis and Jesse Diaz, proceeding *pro se*, have filed a "Petition for Redress of Grievance for Constitutional Violations, Wrongful Acts and Challenge to Congressional Act Under the Federal Tort Claims Act." Dkt. 1 at 1 (Compl.). Their claims arise out of two earlier proceedings that they filed in other federal district courts—the Northern District of Indiana and the Western District of Texas. *Id.* at 2. Plaintiffs allege they were "denied their constitutional right to a fair adjudication of their claims under the U.S. Constitution" in those other proceedings and that, "[s]pecifically, they were subjected to unlawful interference with their right to due process and judicial redress." *Id.*

    Davis appears challenges the Article III authority of Senior Judges. She complains that her case in the Northern District of Indiana was "assigned to a 'Senior Judge,' whose appointment was governed by an unconstitutional provision in the Judicial Improvements Act of 1990." *Id.* According to Davis, that assignment "violate[d] the U.S. Constitution" by "permit[ting] the imposition of non-judicial authority in a judicial capacity." *Id.* Davis argues that, "[o]nce a judge retires or steps down, [he or she] lose[s] [his or her] judicial power." *Id.*

Diaz's claim is more difficult to discern but apparently tracks Davis's claim.  He alleges that his case was dismissed "by a non-judicial officer" in "violation of the constitutional mandate that all judicial decisions must be made by a duly appointed, sitting judge, wielding the judicial power of the court." *Id.*  According to Diaz, his case was dismissed "by an individual purporting to be a United States District Judge, but who, due to the unconstitutional provisions of the Judicial Improvements Act, exercised non judicial authority." *Id.*  Although Diaz does not specify why the judge in his case was "a non-judicial officer" or which provision of the Judicial Improvements Act he is challenging, the Court will give Diaz the benefit of the doubt because he is proceeding *pro se* and will assume that his claim is premised on facts similar to those upon which Davis's claim is premised.

Plaintiffs ask the Court to "[e]nter judgment" in their favor "finding that the actions described herein constitute a violation of the United States Constitution," to award them $2.5 million dollars in "compensatory damages" under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, and to "[d]eclare the Judicial Improvements Act of 1990, as written, unconstitutional" because it authorizes the exercise of Article III power by "non-judicial" officers.  *Id.* at 5.

## I.

In every case, the Court must satisfy itself that it has subject matter jurisdiction.  *See LeFande v. District of Columbia*, 841 F.3d 485, 492 (D.C. Cir. 2016).  Plaintiffs bear the burden of establishing the Court's jurisdiction, and the nature of that burden varies depending on the stage of the proceeding.  *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that "[t]he party invoking federal jurisdiction bears the burden of establishing" the

court's jurisdiction "in the same way as any other matter on which [it] bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation").

Because the present proceeding is at its earliest stage, Plaintiffs need only allege facts that, if taken as true, would support the Court's subject-matter jurisdiction. But even though the burden of pleading jurisdiction is not an onerous one, it is essential, and the Court is not free to proceed with the case absent a jurisdictional basis to do so. For this reason, "a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when . . . it is evident that the court lacks subject matter jurisdiction." *Evans v. Suter*, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (unpublished) (per curiam); *see also Hurt v. U.S. Court of Appeals for the D.C. Circuit Banc*, 264 Fed. App'x 1, 1 (D.C. Cir. Jan. 24, 2008) (unpublished) (per curiam) (same); *Wiley v. Wilkins*, 134 F. Supp. 3d 308, 309 (D.D.C. 2015) (same); *Weisser v. Obama*, 2013 WL 4498980, at *1 (D.D.C. Aug. 21, 2013) (same); *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (same). When making this assessment at the pleading stage, the Court must, of course, "accept as true all factual allegations contained in the complaint," *Smith v. Obama*, 217 F. Supp. 3d 283, 289 (D.D.C. 2016) (quoting *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007)), and must "draw all reasonable inferences in favor of the plaintiff," *Kucinich v. Obama*, 821 F. Supp. 2d 110, 114 (D.D.C. 2011). But the Court need not accept legal conclusions or unsupported factual conclusions.

## II.

Here, Plaintiffs have failed to carry their burden of alleging facts sufficient to support the Court's subject matter jurisdiction. To the extent that the Plaintiffs seek to challenge decisions rendered by other federal district courts, this Court lacks jurisdiction to entertain such challenges.

"[O]ne district court does not have jurisdiction to review the decisions of another district court," *Klayman v. Kollar-Kotelly*, 2013 WL 2395909 at *1 (D.C. Cir. May 20, 2013), and a litigant who "seeks to challenge the legality of decisions made by a judge in her judicial capacity" must seek relief by appealing that decision rather than by filing a collateral attack in another court. *Caldwell v. Obama*, 6 F. Supp. 3d 31, 44 (D.D.C. 2013) (citation omitted); *e.g.*, *Williams v. Decker*, 767 F.3d 734, 743 (8th Cir. 2014) (addressing challenge, on direct appeal, regarding the authority of the senior district court judge who adjudicated the case below).

To the extent that Plaintiffs seek damages under the FTCA for an alleged constitutional violation, they have failed to allege that they submitted an administrative claim under the FTCA to an appropriate federal agency. Before bringing suit in federal court under the FTCA, a plaintiff must pursue his administrative remedies. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (upholding dismissal of FTCA claim when plaintiff failed to exhaust administrative remedies). To do so, a plaintiff must "first present[] [his] claim to the appropriate Federal agency" and must then wait until that claim has been "finally denied by the agency in writing." 28 U.S.C. § 2675(a). Unlike some exhaustion requirements, moreover, the FTCA's exhaustion requirement is jurisdictional and must be pled by the FTCA claimant. *See Norton v. United States*, 530 F. Supp. 3d 1, 5–6 (D.D.C. 2021); *accord Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). Here, Plaintiffs' complaint fails to allege that they made any effort to exhaust any administrative remedies before bringing this suit. The Court will, accordingly, dismiss Plaintiffs' claims under the FTCA for lack of jurisdiction.

## CONCLUSION

For all these reasons, the Court will **DISMISS** Plaintiffs' complaint and the pending action.

A separate order will issue.

/s/ Randolph D. Moss<br>
RANDOLPH D. MOSS<br>
United States District Judge

Date:  January 7, 2025